[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Board of Education of the City of Bridgeport moves to dismiss the plaintiff Adrianne Shields' complaint on the ground this court lacks subject matter jurisdiction. For the reason state below, the motion is granted.
For the purpose of adjudicating the motion to dismiss, the parties agree that the facts are as alleged by the plaintiff in her complaint. She alleges the following: The plaintiff was hired as a teacher in 1963 by the Board of Education of the City of Bridgeport and served in that capacity for twenty-four years. In January of 1993, she commenced treatment with a licensed CT Page 9049 psychologist. She has a "past history of mental disorder, post traumatic stress disorder and reactive depression and anxiety." In August of 1994, the defendant terminated the plaintiff's employment "allegedly based on the Plaintiff's in efficiency or incompetence and inability to perform the duties and responsibilities of her teaching position. "The plaintiff further alleges that the defendant acted in violation of § 17a-549 of the General Statutes. `The plaintiff seeks damages for "mental anguish, financial her and injury to her reputation."
Section 17a-549 (a) provides, in part, as follows: "No person shall be denied employment . . . solely because of a present or past history of mental disorder, except as provided by the general statutes." Section 17a-550 provides that any person who is aggrieved by a violation of § 17a-549 (a) may bring a civil action for damages.
The defendant argues that the plaintiff's exclusive right to challenge the termination of her employment as a tenured teacher lies under General Statutes § 10-151 the Teacher Tenure Act. The defendant relies on "the rule that, where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action `to test the very issue which the appeal was designed to test.'" LaCroix v. Board of Education,199 Conn. 70, 78 (1986).
The plaintiff, on the other hand, contends that § 17a-549
(a) allows a tenured teacher to bring a civil action when her employment has been terminated solely because she has a mental disability. She contends that such claims are not ordinarily heard at administrative hearings conducted pursuant to the Teach Tenure Act.
The plaintiff was a tenured teacher.[1] "A tenure teacher's challenge of an allegedly wrongful discharge is governed by and limited to the statutory appeal process provided by § 10-151 (f). . . . Thus, the plaintiff cannot pursue a separate tort claim for wrongful discharge. Instead, she is limited by the available administrative remedies under § 10 151 . . ." Tomlinson v. Board of Education, 226 Conn. 704, 730
(1993).
There are exceptions to the rule of exhaustion of administrative remedies. The plaintiff, however, has not alleged CT Page 9050 an exception. See LaCroix v. Board of Education, supra at 79.
THIM, JUDGE.